## GRIFFY v. STATE.

### [79 South. 3, Division A.]

ANIMALS. *Malicious killing. Criminal prosecution.*
>    Where in a prosecution for willfully, unlawfully and mischievous-
>    ly killing a hog belonging to another, the evidence showed that
>    defendant had repeatedly tried, but had been unable to keep
>    the hog out of his crop; that he did not know the owner of the
>    hog, and killed it solely to prevent damage to his crop. In
>    such case the court should have peremptorily instructed the
>    jury to acquit the defendant.

APPEAL from the circuit court of Simpson county.
HON. W. J. HUGHES, Judge.

Will Griffy was convicted of unlawfully killing a hog and appeals.

The facts are fully stated in the opinion of the court.

*J. P. Edwards,* for appellant.

As to the first assignment of error, we contend that the state wholly failed to prove the vital and material elements of the charge, and for this reason this peremptory instruction should be given. There is no testimony in the record even tending to show that the appellant "maliciously" killed the hog, or that the killing was done out of "revenge or wanton" cruelty, but on the contrary all the testimony shows that appellant killed the hog to protect his property from the depredations of this hog, and that he was willing to pay the owner its value. Under the charge against appellant it was absolutely essential to conviction to prove that the hog was killed maliciously, or out of a spirit of revenge or wanton cruelty.

Section 1099 of code of 1906, is construed in the case of *Duncan* v. *State,* in 49 Mississippi, page 331, as

follows: "The section defines two disinct attributes of malicious injury, within one or the other of which the facts must bring a case to warrant a conviction: (1) that the injury was done "maliciously" either out of a spirit of revenge or wanton cruelty;" or (2) that it was done "michievously." See, also, *Thompson* v. *State,* 51 Miss. 353. "Guilt is determinable by the intent and purpose which prompts the act." *Stephens* v. *State,* 65 Miss. 329, 3 So. 485.

As to the second assignment of error, we say that the instruction given for the state was a contradiction to each and all of the instructions given for the defendant. Not only this, but that this instruction told the jury that if they believed that the defendant "unlawfully and maliciously" shot and killed Mr. Ross's hog, "as testified to by the witness,"and that the hog was worth $15 then they should find the defendant quilty as charged. It will be seen from the record that there is no testimony that the defendant "maliciously" shot and killed the hog and this instruction containing this language was wholly unwarranted by the testimony.

We most seriously insist that for the errors thus committed by the lower court, the case should be reversed, and the record warrants a discharge of the defendant in this court.

*Earl N. Floyd,* assistant attorney-general, for the state.

One of the assignments of error relied upon by appellant is the giving of the first and only instruction for the state found on page 26 of the record. Appellant takes exception to the language of this instruction, because it told the jury that if they believed that the defendant "unlawfully and maliciously shot and killed Mr. Ross's hog, as testified to by the witness and that the hog was worth about $15 then it is your sworn duty," etc.

This instruction, at first blush constitutes a comment on the weight of evidence, yet, when considered more closely, is not subject to this vice. The words as testified to by the witness, does not point out to the jury any particular testimony but is merely equivalent to saying ''as shown by the record.'' No reference is made to the state's witnesses any more than to appellant's, and since each one of the three or four witnessess testified giving evidence along the same line, it can very properly be said to refer to all the testimony in the cause, beyond which the jury would in no event have a right to go.

It is next contended that the state failed to prove the material elements of the charge, to wit: malice or revenge. I submit that it is not necessary to show malice toward any particular person, and, in fact, the owner of the hog may not necessarily be known to the appellant in order to convict him of such an offense. An exhaustive discussion as to the requisites in the way of proof to sustain convictions under a charge of malicious mischief is found in Vol. 8 R. D. L., page 299, on the subject of Criminal Law.

It seems that the original English statutes and decisions thereon adhered to the theory that specific malice must be shown. However, the trend of more recent decisions based on the English statutes and on the statutes in this country is that it is immaterial whether or not the offense is committed from malice against the owner of the property. The wilful doing an intentional act is sufficient and warrants the conviction. *Kansas* v. *Boise,* 68 Kan. 167; 1 Am. & Eng. Ann. Cases, page 491, one of the leading cases illustrative of the latter class of decisions referred to, defines the word ''malicious'' as used in the later English statutes defining this offense, as not necessarily denoting malice against the owner of the property destroyed or injured, but rather the state of mind which leads to the wilful

and intentional performance of any of the acts within the prohibition of the statutes.

Mississippi is listed among the states adopting the modificaton of the ancient English doctrine, and the cases of *Duncan* v. *The State,* 49 Miss. 331, and *Funderburk* v. *The State,* 75 Miss. 20, are quoted in support of this assertion. I submit that the wanton cruelty displayed by the appellant in needlessly shooting down this hog, under the circumstances, was such a willful or intentional act as to bring it within the purview of our statute. It may well be, as contended by the appellant here, that he did not know who was the owner of the hog, and yet the appellant would be guilty of malicious mischief in needlessly mutilating such a valuable animal.

I submit that there is no doubt that the facts of the case would support a conviction under an affidavit properly drawn under section 1900, Code of 1906. The affidavit in this case does not contain the word "maliciously" and unless the words "wilfully" and "unlawfully" can be construed to be equivalent thereto, proof of wanton cruelty would not be competent as this court has said in *Thompson* v. *The State,* 41 Miss. 353, that it was necessary to aver in the affidavit or indictment either that the injury was done maliciously, or that it was done mischievously. Under the averment of a malicious injury, it is sufficient to show that the injury was done out of a spirit of revenge, or mere wanton cruelty. However, I respectfully submit that the affidavit is sufficiently broad to cover a case of wanton cruelty, in this case, as the averment that the injury was wilfully and unlawfully done in tantamount to an averment that it was maliciously done. A thing must necessarily be wilful in order to be malicious, and combining the elements of wilfulness and unlawfulness, I submit we have the requisite elements of malice as comtemplated by this statute. I therefore respectfully submit that the instruction is a proper enunciation of

the law, and that the proof supports the averments of the affidavit as above shown.

SMITH, C. J., delivered the opinion of the court.

Appellant was convicted upon an affidavit charging him with having "wilfully, unlawfully, and mischievously" killed a hog belonging to J. T. Ross. The evidence for the appellee was to the effect that Ross turned the hog out, permitted it to stray off, and that it was killed by the appellant while it was in his potato patch. The evidence for the appellant was that he had repeatedly tried, but had been unable, to keep the hog out of his potato patch; that he did not know who owned it, and killed it solely to prevent damage to his crop. On this evidence the jury were not warranted in finding that the hog was killed either maliciously or mischievously, but only that it was killed to prevent its damaging the potatoes. Consequently the peremptory instruction requested by the appellant should have been granted.

Reversed, and judgment here for appellant.

*Reversed.*